LEON R. BOWIE vs. MERTON G. STACKPOLE.

HOWARD J. MERRILL vs. SAME.

HENRY M. SNOW vs. SAME.

Androscoggin.    Opinion October 25, 1920.

*Malicious prosecution.    Probable cause does not depend on the actual state of facts,
but upon the honest and reasonable belief of the prosecutor.    Actual
belief and reasonable grounds for that belief are essential
to constitute probable cause.*

Upon trial of an action of malicious prosecution, for causing the arrest of
the plaintiff under R. S., Chap. 7, Sec. 105, for fraudulently receiving the vote
of a person not qualified to be an elector, an instruction that if the jury finds
that such person s voting residence was established in another town, or was
not established in the town where he voted, on the day in question, their verdict
will be for defendant, is erroneous.

Probable cause does not depend on the actual state of facts, but upon the
honest and reason ble belief of the prosecutor.

Actual belief and reasonable grounds for that belief are essential to constitute
probable cause.

By the instruction given, the jury could not inquire into the question of
probable cause.

These are three actions of malicious prosecution tried together.
A verdict of not guilty was rendered in each case.    Plaintiffs took
exceptions to certain instructions given by the presiding Justice to
the jury in his charge.    Exceptions sustained.

Case stated in the opinion.

*McGillicuddy & Morey,* for plaintiffs.

*George C. Wing, and George C. Wing, Jr.,* for defendant.

SITTING:   CORNISH, C. J., HANSON, PHILBROOK, MORRILL,
WILSON, JJ.

MORRILL, J.    These actions of malicious prosecution were tried
together, and are presented upon a single bill of exceptions.    The

plaintiffs were selectmen of the town of Durham at the annual town meeting in March, 1919, and upon application of one William E. Lent placed his name upon the voting list, as a qualified voter in the town of Durham; his residence at some time before had been in the town of Lisbon; Lent voted at the meeting. The defendant was the complainant in a prosecution of the plaintiffs before the Municipal Court of the City of Auburn, under R. S., Chap. 7, Sec. 105, upon the charge of fraudulently receiving the vote of said Lent. The plaintiffs were adjudged not guilty. These actions were then brought. The verdicts being for defendant, the plaintiffs present a bill of exceptions to certain instructions of the presiding Justice.

The presiding Justice after instructing the jury that the evidence did not show, in his judgment, upon the whole, that the plaintiffs did fraudulently receive the vote of Lent, proceeded carefully to define the qualifications of a voter as to residence, and then instructed the jury as follows:

"Now then, gentlemen, the important question here for you is (and it is almost a question of law) did this voter, Mr. Lent, have his residence established in the town of Lisbon, where he had lived for about two years previous to that time, and where his family were living at the time, and during the time, in a house in which he was responsible for the rent (you have heard how it was paid, out of the wages of himself and daughters) and where his wife and family were living during this time up to and beyond March 3, and where their minor boy went to school when school was keeping. The question for you is whether he had a voting residence established under the law and the constitution in Durham or in Lisbon. *For I shall say to you that if, under the law, you find that his voting residence was in the town of Lisbon, that this defendant is not guilty of the offense.* And that is a matter of law. Therefore the first important question is where his residence was established."

The presiding Justice further commented upon the question of an established place of residence, quoting from the opinion in *Brewer* v. *Linneus*, 36 Maine, 428, that "the residence of the wife, her husband being more than twenty one years of age, is prima facie evidence of his domicile, and in the absence of controlling proof is conclusive," and instructed the jury as follows:

"Now it may be important to know, and I think the court will take judicial notice that the election in September was the 9th of September, the second Monday of September, 1918. So his settlement

would have to begin in the town of Durham, as I stated, three months before the third day of March, in order to give him the three months established residence in Durham. And September 9 he voted in Lisbon. I just call your attention to those dates, and you may draw such inferences from them as the facts require. *So I say gentlemen, to you again, that if you find under the law that I have given you that Mr. Lent's voting residence was established in Lisbon, or was not established in Durham on the third day of March last, then your verdict will be for the defendant."*

Upon a careful examination of the entire charge, the exceptions of plaintiffs to these instructions must be sustained. The issue was not whether Lent had an established place of residence in Lisbon, nor yet whether the defendant had probable cause to charge that the plaintiffs had received the vote of a person (Lent) not qualified to be an elector, but whether he had probable cause to charge the plaintiffs with having fraudulently received such a vote. The presiding Justice had instructed the jury that the evidence did not show, in his judgment, upon the whole, that the plaintiffs did fraudulently receive the vote of Lent; the plaintiffs contended that the defendant did not have probable cause for alleging that they had fraudulently received the vote of Lent; the instructions of the presiding Justice prevented the jury from considering that question. Whether the circumstances, including the conduct of the defendant, which were relied upon to show that he had or did not have, probable cause, were true and existed, was a question of fact for the jury. *Humphries* v. *Parker,* 52 Maine, 504. Probable cause does not depend on the actual state of facts, but upon the honest and reasonable belief of the prosecutor. *Fitzgibbon* v. *Brown,* 43 Maine, 174. *Humphries* v. *Parker,* supra. 2 Greenleaf Ev. Sec. 455. · Actual belief and reasonable grounds for that belief are essential to constitute probable cause. *Humphries* v. *Parker,* supra. Even if the facts showed prima facie that Lent had an established place of residence in Lisbon, the defendant cannot be said to have had probable cause, if he knew of facts negativing that prima facie case, or disproving fraud on the part of the plaintiffs. *James* v. *Phelps,* 11 Ad. & Ellis, 483; 39 E. C. L. Rep. 267, 269. There was evidence on both these points; but, by the instructions given, the jury could not inquire into the question of probable cause.

It is unnecessary to consider the other exceptions.

*Exceptions sustained.*